ATLANTIC COAST REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10496.  Promulgated April 4, 1928.

*Samuel W. Zimmer, Esq.*, and *II. B. Lindsay, Esq.*, for the petitioner.

*V. J. Heffernan, Esq.*, for the respondent.

### OPINION.

STERNHAGEN : The taxpayer with its affiliated corporation was en-gaged in buying and selling land for profit. When it filed its con-solidated return for 1918 it claimed for the first time that its income should be determined by the use of a so-called inventory of its lands at market value, and upon that basis it reported net income of $14,204.39 and paid a tax of $1,464.53. The Commissioner treated the so-called inventory as a " charge down of real estate " and dis-allowed it, together with several other items not in dispute. He added $72,962.75 to the income by reason of such disallowance, and, by applying the method of tax computation set forth in section 328, Revenue Act of 1918, he determined a tax of $30,745.29 and notified the petitioner of his determination of a deficiency of $29,280.76. This notice of deficiency states, " The Bureau further holds that a taxpayer engaged in the real estate business is not permitted to inven-tory real estate which is held for sale for the purpose of calculating net income subject to Federal income tax," which was an application by the Bureau of its Office Decision 848, published in 1921, in Cumu-lative Bulletin No. 4, at page 47 : "A taxpayer engaged in the real estate business is not permitted to inventory real estate which is held for sale for the purpose of calculating net income subject to Federal income tax."

The taxpayer in this proceeding attacks this ruling as contrary to law. It claims the right under section 203, Revenue Act of 1918, to use an inventory of its lands and to price such lands, not necessarily at cost, but, as merchandise traders are permitted at their election to do, at cost or market whichever is lower. Assuming such right, it has introduced the opinions of witnesses for the purpose of proving the market value of some of its lands below cost.

We are of opinion that the petitioner has no such right as it claims, that it may not determine its income by revaluing its lands from year to year, and therefore that there is no occasion for findings of fact as to market value of the parcels in question at the close of 1918.

Income is not ordinarily determined by the fluctuations in value of property upward or downward during the continuation of the same ownership. Increment is not added to, nor is a drop in value deducted from, earnings until it has been realized by a sale, loss or other cognizable disposition of the property. Section 203 is a de-

parture from this and it must be limited to its apparent intendment as disclosed in its terms and if necessary in its history. It provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

It was first enacted in the Revenue Act of 1918 and has remained unchanged in each of the later Acts of 1921, 1924, and 1926. In the report on the proposed 1918 Act made by the House Committee on Ways and Means, the Committee said:

In many cases the only way that the net income can be determined is through the proper use of inventories. This is largely true in the case of manufacturing and merchandise concerns. The bill authorizes the Commissioner to require inventories whenever in his opinion the same is necessary in order clearly to reflect the income of the taxpayer.

The Senate inserted the words " conforming as nearly as may be to the best accounting practice in the trade or business," and thus the section was enacted. This carefully guarded language may not be construed as creating in all taxpayers the right to determine income by the use of an inventory of property on hand. The use of inventories must be reasonably necessary to the determination of income. The basis of their use must be prescribed by the Commissioner, not arbitrarily, but in conformity to the best accounting practice in the trade or business and as most clearly reflecting income. The language indicates no intention to recognize in any trade a new method of determining income or a new limitation upon income, but only a recognition of the use of inventories in such trades or businesses, like "manufacturing and merchandise concerns," as had been found to require such accounting practice.

Nowhere have we been able to find a reference to such an accounting practice in the business of buying and selling lands. The petitioner neither cites a recognition of such a practice generally nor proves such a practice of its own. In its tax return for 1917 it stated that the portion thereof relating to inventories was " not applicable," and showed the gain or loss on each specific sale of land by reference to its cost. Since 1918, upon advice of its auditor, it has not taken inventories.

It seems plain that the use of inventories is not practical in such a business. In the present case, several witnesses were required to testify as to their opinions of the various parcels of land in question; of these two were directors of petitioner. There was no common market and no record of frequent transactions by reference to which

the market price could be readily ascertained. It was only by identifying each parcel in question that anyone could venture an estimate of market value. Instead of being a more convenient method of accounting, as it is with large stocks of small merchandise being frequently turned over, it is so cumbersome and uncertain as to be generally impractical. Petitioner sometimes holds lands for nine or ten years and an inventory method would require a revaluation each year.

The petitioner's argument is that there is unlawful discrimination against real estate dealers in refusing to them a method granted to other traders, and it attempts to show that the difficulties of annual valuation of land for inventory use are no greater than those involved in the application of other provisions of the revenue acts. These we think are considerations for Congress, and since it has expressly left the matter primarily to the Commissioner, the exercise of whose administrative judgment in this case is in our opinion well within the statute, we sustain his determination.

*Judgment will be entered for the respondent.*