## BEN L. CARROLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37660.   Promulgated December 16, 1930.

*Leon J. Obermayer, Esq.*, and *G. Ruhland Rebmann, Esq.*, for the petitioner.

*John D. Foley, Esq.*, and *James C. Maddox, Esq.*, for the respondent.

726

OPINION.

TRUSSELL: The question here presented, in so far as income for the year 1923 is concerned, requires little discussion as the Revenue Act of 1921 applies and provides in section 206 (a) (6):

That for the purpose of this title:

\*       \*       \*       \*       \*       \*       \*

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

In view of the above quoted provision, if the land in question does not represent stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, it constitutes a capital asset and the gain accruing from its sale more than two years after its acquisition is subject to the optional rate as a capital gain. In respect to this question the record shows clearly to our satisfaction that the land in question can not be considered as stock in trade of this petitioner, whose business had never consisted of the sale of real estate other than as an incident to the disposal of houses which he erected, and we have held in each case in which the question has been presented to us heretofore that real estate can not be included in inventory. *Albert F. Keeney*, 17 B. T. A. 560; *Atlantic Coast Realty Co.*, 11 B. T. A. 416. The $108,327.24 of income for the year 1923 is accordingly subject, at petitioner's option, to the rate provided for capital gain.

In respect to the years 1924 and 1925, the condition is somewhat different as those years are controlled by the Revenue Acts of 1924 and 1926, the applicable provisions of which read:

SEC. 208. (a) For the purposes of this title:

\*      \*      \*      \*      \*      \*      \*

(8) The term "capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

It will be noted that this section, in addition to the exceptions provided in the 1921 Act, excepts from classification as a capital asset property held by the taxpayer primarily for sale in the course of his trade or business. We must here determine whether or not this property was so held by petitioner and this question is a matter of his purpose or intention in its acquisition and during his term of ownership. This is to be ascertained from his testimony as to such intention, the circumstances surrounding the acquisition, use and disposal of the property, the nature of his business, and the character of the property. Petitioner testifies positively that the property was unsuited to his business uses, was purchased not with funds used in his business, but accumulated in business and available for personal investment. He states that the transaction was one outside of his line of business and a pure investment of a character never before or since made by him. He states that in the acquisition of the property he never anticipated building upon it and that the subsequent use of one of the 35 acres in building operations of his business was to meet a situation arising after the acquisition of the tract and not anticipated at that time and that the gain derived from the portion so used is not included in the gains here in controversy, which were realized wholly from the sale of the balance of the property in its unimproved state.

If these facts are true, petitioner is correct in his contention that the sales in question were of capital assets, and a careful examination of the record fails to show either a specific contradiction of this testimony or circumstances and conditions inconsistent with the intention of petitioner as testified to by him. The fact that petitioner was essentially a builder and his purchase of land was limited to improved building sites is not contradicted and we do not think there is any indication in the record that following the acquisition of the 35-acre tract his business operations were changed in character to include acquisition and sale of land. In fact it is affirmatively shown that he has at no time carried on a real estate purchase and sale business. We have not here a question similar to that presented

in *John M. Welch*, 19 B. T. A. 394, where the taxpayer had for many years conducted such a business, in the course of which he had bought various tracts of land, improved and subdivided them into lots which he had advertised and sold to the public, and in which we held that the taxpayer's contention, that the sale of a tract so bought and subdivided was one of a capital asset, could not be maintained in view of the evidence as to the character of his business, his actual dealings in the property and the fact that it was a transaction similar in character to his other business purchases and developments.

We are satisfied that the acquisition of the property in question represented a personal investment by petitioner outside of his business of operative builder, and that following such acquisition the property was not held primarily for sale in the course of that business. Petitioner is entitled to have the gain accruing in 1924 and 1925 from the sales computed at the rate provided for capital gains by the Revenue Acts of 1924 and 1926. Cf. *Clinton Gilbert, Jr.*, 20 B. T. A. 765; *Peter A. Miller*, 20 B. T. A. 230; *George H. Peck*, 19 B. T. A. 345; *William Kempton Johnson*, 17 B. T. A. 611; *Franklin Q. Brown*, 9 B. T. A. 965.

*Judgment will be entered pursuant to Rule 50.*