HELEN M. DUNIGAN, ADMINISTRATRIX OF THE ESTATE OF DAVID J. DUNIGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37149. Promulgated May 27, 1931.

*Stanton C. Peelle, Esq.,* for the petitioner.
*J. L. Backstrom, Esq.,* for the respondent.

OPINION.

BLACK : The governing statute here is section 206 of the Revenue Act of 1921 which reads in part:

(a) That for the purpose of this title:

(1) The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

\*    \*    \*    \*    \*    \*    \*

(6) The term " capital assets " as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

(b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows: [Here is set out the method of the computation of the tax.]

Respondent in his pleadings and brief makes the following contentions: (1) That the lots sold were the stock in trade of decedent taxpayer; (2) that, if the above reasons are rejected, only the profit derived from the sale of the lots is subject to the capital net gain provisions of the statute.

Petitioner also makes a contention similar to the latter contention of respondent in his fourth assignment of error in his brief, in which he says: " Even though it should be determined that the improvements can not be included with the lots as capital assets, still the lots are clearly capital assets and the appropriate part of the entire gain which is attributable to the enhancement in the lots is capital net gain within the fair intent of section 206 of the Revenue Act of 1921."

Contention (1) of respondent must be rejected on the authority of *John S. Phipps*, 19 B. T. A. 1293. Cf. *Ben L. Carroll*, 21 B. T. A. 724; *Albert F. Keeney*, 17 B. T. A. 560; *Atlantic Coast Realty Co.*, 11 B. T. A. 416. The Commissioner acquiesced in the *Phipps* case, *supra*, in weekly bulletin dated January 19, 1931, and issued I. T. 2555, reading as follows:

In view of the Commissioner's acquiescence in the decision of the United States Board of Tax Appeals in the *Appeals of John S. Phipps, et al.* (19 B. T. A. 1293), I. T. 2297 (C. B. V-2, 109) is overruled in so far as it holds that the profit derived from the sale of real property owned by real estate dealers (and held for more than two years) does not constitute capital gain within the meaning of section 206 of the Revenue Act of 1921.

We think respondent's contention (2), also made by petitioner in his alternative contention, rests on much sounder ground than respondent's contention (1). Petitioner's decedent was in the regular business of purchasing undeveloped lands and subsequently developing them by building houses upon the lots after the land was subdivided and improved for building. Manifestly he built these houses to sell at a profit and certainly these houses entered into the profit consideration as much as the land upon which they were built. Perhaps more so.

None of the houses sold by petitioner's decedent in the taxable years had been constructed for as long a period as two years, and we think it would be going beyond the clear intendment of the statute to hold the profit properly allocable to the sale of these houses, as capital gain within the meaning of the statute, merely because they were situated on land which the decedent had owned for more than two years. As bearing upon the purpose which Congress had in mind in enacting section 206 of the Revenue Act of 1921, we quote from the report submitted by the Ways and Means Committee of the House of Representatives to accompany H. R. 8245. On page 10 of the report it is stated:

Section 206: The sale of farms, mineral properties, and other capital assets is now seriously retarded by the fact that gains and profits earned over a series of years are under the present law taxed as a lump sum (and the amount of surtax greatly enhanced thereby) in the year in which the profit is realized. Many such sales, with their possible profit taking and consequent increase of the tax revenue, have been blocked by this feature of the present law. In order to permit such transactions to go forward without fear of a prohibitive tax, the proposed bill, in section 206, adds a new section (207) to the income tax, providing that where the net gain derived from the sale or other disposition of capital assets would, under the ordinary procedure, be subjected to an income tax in excess of 15 per cent, the tax upon capital net gain shall be limited to that rate. It is believed that the passage of this provision would materially increase the revenue, not only because it would stimulate profit-taking transactions but because the limitation of 15 per cent is also applied to capital losses. Under present conditions there are likely to be more losses than gains.

Substantially the same statement as to the purpose of the section is stated on page 12 of the Senate Finance Committee report accompanying the same bill.

Therefore, in view of the language of section 206 of the Revenue Act of 1921 and the purpose which Congress evidently had in mind in enacting the statute, we hold that the profit attributable to the sale of the houses was not capital gain. On authority of *John S. Phipps et al.*, 19 B. T. A. 1293, we hold however that the lots upon which petitioner's decedent built the houses were capital assets within the meaning of section 206 of the Revenue Act of 1921 and taxpayer has a right to elect to have the portion of the profit from the sales

which is allocable to the lots taxed to him as capital gain under that section.

Since the houses were erected less than two years prior to their sale, they were not held by the taxpayer for more than two years and were not capital assets within the meaning of section 206. Therefore, the taxpayer may not elect to have the portion of the profits which is allocable to the houses taxed to him as capital gain under section 206, but such profits should be taxed as ordinary income.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH, STERNHAGEN, and MATTHEWS dissent.