GEORGE D. CARPENTER AND MARY E. CARPENTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carpenter v. Commissioner
Docket No. 8221-92
United States Tax Court
T.C. Memo 1994-289; 1994 Tax Ct. Memo LEXIS 292; 67 T.C.M. (CCH) 3126; June 23, 1994, Filed *292 Decision will be entered under Rule 155. Mary E. Carpenter, pro se. For respondent: Allan D. Hill. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1988 and 1989 of $ 10,220 and $ 6,834, respectively. Respondent also determined additions to petitioners' 1988 Federal income tax of $ 2,555 under section 6661 [1] and $ 511 under section 6653(a)(1), and to petitioners' 1989 Federal income tax of $ 1,367 under section 6662. The sole issue for decision is whether petitioners are entitled to use the cash method of accounting for expenses related to construction of houses that were unsold at the end of the taxable year. We hold that they are not. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation *293 of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Mariposa, California. Petitioners are married and filed joint Federal income tax returns for all years at issue. References to petitioner in the singular are to George D. Carpenter. Petitioner is a building contractor who operated a construction business named George Carpenter Construction (hereinafter GCC). During the taxable years 1988 and 1989, GCC was operated as a sole proprietorship that was in the business of building and remodeling single-family residences. Petitioners reported GCC's income and expenses on Schedule C included with the joint Federal income tax returns filed for 1988 and 1989. Petitioners chose the cash method of accounting to report the income and expenses of GCC. During October 1988, GCC commenced construction of a single-family residence on a lot located on Mepps Court (hereinafter Mepps) in Mariposa County, California. GCC did not have a contract to build this residence, and construction was not complete on December 31, 1988. On their 1988 Schedule C, petitioners, using the cash method of accounting, deducted *294 $ 59,612 as the total expenses incurred by GCC in 1988; an attached statement allocated $ 46,803 of this amount to expenses incurred in building Mepps. Respondent disallowed all of the Schedule C deductions claimed by petitioners, but later conceded that petitioners were entitled to Schedule C deductions of $ 8,083. During 1989, GCC incurred additional expenses to complete the construction of Mepps, and on April 13, 1989, Mepps was sold. On their 1989 Schedule C, petitioners claimed they expended $ 314,448 in cost of goods sold for GCC, again using the cash method of accounting. Respondent determined that the cost of goods sold for GCC in 1989 was $ 306,430. Respondent disallowed $ 44,737 of the cost of goods sold claimed by petitioners in 1989, consisting mostly of construction costs expended for homes not sold until later taxable years. On April 3, 1992, respondent issued a statutory notice of deficiency to petitioners. In the notice, respondent determined deficiencies in and additions to petitioners' 1988 and 1989 Federal income tax in regard to the disallowance of Schedule C deductions and cost of goods sold taken using the cash method of accounting; the assessment of self-employment *295 tax; and penalties for negligence and substantial understatement of tax liability pursuant to sections 6653(a)(1), 6661, and 6662(a). Respondent conceded, following trial, that petitioners are not liable for the negligence and substantial understatement additions as previously determined. OPINION Respondent asserts that the cash method of accounting is inappropriate in this case, because section 263A requires deferral of construction costs related to unsold houses until such houses are sold. Alternatively, respondent asserts that the cash method does not clearly reflect income; thus, petitioners' method of reporting income can be changed at respondent's discretion pursuant to section 446(b). Petitioner claims that the cash method of accounting is permissible because the houses constructed by GCC are not inventory for the purposes of section 263A, and GCC meets the "gross receipts" exception of section 263A(b)(2)(B). We hold that petitioners are not entitled to use the cash method of accounting for these construction costs. The uniform capitalization rules of section 263A(a)(1) mandate that the costs allocable to certain property be included in the cost of inventory if such *296 property is inventory, or capitalized if such property is not inventory. Property subject to these provisions includes property produced by the taxpayer, and property described in section 1221(1) that is acquired by the taxpayer for resale. Sec. 263A(b). Section 263A(b)(1) defines property produced by the taxpayer as "Real or tangible personal property produced by the taxpayer". The term "produce includes * * * construct, build, install * * * develop, [and] improve". Sec. 1.263A-2(a)(1)(i), Income Tax Regs.
This Court has consistently held that real property cannot be accounted for as inventory. W.C. & A.N. Miller Development Co. v. Commissioner, 81 T.C. 619 (1983); Atlantic Coast Realty Co. v. Commissioner, 11 B.T.A. 416 (1928); Homes by Ayres v. Commissioner, T.C. Memo. 1984-475, affd. 795 F.2d 832 (9th Cir. 1986). However, section 263A does not apply exclusively to inventory. While section 263A(a)(1)(A) sets forth rules dealing with inventory, section 263A(a)(1)(B) speaks to "any other property" to which section 263A applies. Further, it is not alleged *297 by respondent that petitioners' property is inventory. Hence, petitioners' argument that section 263A does not apply because their property is not inventory cannot prevail. Likewise, even if petitioners meet the "gross receipts" test of section 263A(b)(2)(B), they are not excepted from the rules of section 263A. Section 263A(b)(2)(B) is not a general exception to section 263A. [2] Rather, it is an exception to section 263A(b)(2)(A) that applies the rules of section 263A to "Real or personal property described in section 1221(1) which is acquired by the taxpayer for resale." Petitioners did not simply purchase goods for resale; instead they produced, or built, homes to sell. Thus, even if petitioners meet the exception under items acquired for resale, their property does not fall under this classification. As a result, there is no exception that precludes the application of section 263A to petitioners. Respondent argues alternatively that she could, at her discretion, *298 change petitioners' method of accounting pursuant to section 446(b) because the cash method failed to clearly reflect income. However, we need not reach the merits of this claim due to our holding that section 263A applies to petitioners. Accordingly, we hold that petitioners are not entitled to use the cash method of accounting for expenses related to construction of houses that were unsold at the end of the taxable year. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. General exceptions are listed in sec. 263A(c).↩