T.C. Memo. 2010-141

UNITED STATES TAX COURT

D.L. WHITE CONSTRUCTION, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8523-08.                    Filed June 28, 2010.

David L. White (an officer), for petitioner.

<u>Aimee R. Lobo-Berg</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $79,982 for the taxable year
ending on September 30, 2002 (2002 taxable year).  After

concessions,[1] the issue for decision is whether petitioner was entitled to claim $220,000 of the cost of acquiring unimproved real estate in December 2001 as cost of goods sold or, alternatively, to deduct the amount as a business loss under section 165(a)[2] for the 2002 taxable year.

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts is incorporated herein by this reference. Petitioner's principal place of business was in Idaho when its petition was filed.

Petitioner, a C corporation that uses a fiscal year[3] ending on September 30 and a cash receipts and disbursements (cash basis) method of accounting,[4] is in the business of residential real estate construction. During its 2002 taxable

---

[1]In the notice of deficiency respondent disallowed $9,931 that petitioner claimed as a bad debt deduction and $4,722 that petitioner deducted as the cost of employee benefit programs. Although petitioner has not expressly conceded these adjustments, petitioner failed to contest the adjustments in its petition or at any time during this proceeding. Accordingly, we deem these issues conceded. See Rule 34(b)(4), Tax Court Rules of Practice and Procedure.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

[3]Sec. 441(e) defines a fiscal year for a taxpayer that has not made an election under sec. 441(f) as a period of 12 months ending on the last day of any month other than December.

[4]Sec. 448(a) provides that, except as otherwise provided in sec. 448, a C corporation's taxable income shall not be computed under the cash receipts and disbursements method of accounting.

year and at all relevant times petitioner had two corporate officers, David L. White (Mr. White) and Michelle White (Mrs. White). Mr. and Mrs. White are husband and wife.

On or about December 20, 2001, petitioner purchased four parcels of adjoining land in northern Idaho (the Blossom Mountain property), totaling approximately 80 acres, from Vernon J. Mortensen (Mr. Mortensen) for $290,000. Petitioner paid $10,000 to Mr. Mortensen's company, Timberland Ag L.L.C., on November 1, 2001, and $190,000, $1,669.34, and $28 to North Idaho Title Co. on December 21, 2001, April 1, 2002, and July 17, 2002, respectively. The balance of the purchase price, approximately $90,000, was financed through a promissory note.[5] Petitioner planned to build four homes on the Blossom Mountain property and sell the homes at a profit.

To reach the Blossom Mountain property, petitioner used an access road that crossed an adjoining property owned by Dennis and Sherrie Akers (Mr. and Mrs. Akers). On January 10, 2002, Mr. and Mrs. Akers filed suit against petitioner and Mr. and Mrs. White in the District Court for the First Judicial District of Idaho (Idaho district court) for negligence and trespass and to quiet title. Mr. Mortensen and his wife, Martie Mortensen, were later added as defendants.

---

[5]The details regarding the promissory note are unclear but ultimately are not necessary to resolve the issue in this case.

On December 20, 2002, petitioner filed its Form 1120, U.S. Corporation Income Tax Return, for the 2002 taxable year. On the Form 1120 petitioner included the $220,000 it allegedly spent[6] with respect to the Blossom Mountain property in petitioner's cost of goods sold.[7] Although the Akerses' lawsuit was still ongoing when petitioner filed its Form 1120 for the 2002 taxable year, petitioner claimed the $220,000 amount on its 2002 taxable year return because petitioner did not have legal access to the Blossom Mountain property and contended that the property was worthless.

On January 3, 2003, the Idaho district court issued its findings of fact and conclusions of law and order (decision) in favor of Mr. and Mrs. Akers, finding that the defendants, including petitioner, did not have a complete easement over Mr. and Mrs. Akers' property, had trespassed, were negligent, and had engaged in malicious conduct. On August 21, 2003, the defendants filed a motion for a new trial. The Idaho district court

---

[6]The record does not explain how petitioner calculated the $220,000 amount.

[7]On its 2002 Form 1120 petitioner claimed that it was a cash basis taxpayer, but it reported gross receipts or sales of $1,312,157, cost of goods sold of $1,139,540, and opening and closing inventory amounts of $5,000 each. In the notice of deficiency respondent reduced the cost of goods sold by $220,000 because "there is not a closed and complete transaction which occurred during * * * [the 2002 taxable year]". The record does not explain why petitioner, a cash basis taxpayer, was allowed to claim any cost of goods sold adjustment.

characterized the defendants' motion for a new trial as a motion to reopen the previous trial on the basis of new evidence and granted the motion. On April 1, 2004, the Idaho district court issued a second decision in which it again found in favor of Mr. and Mrs. Akers. The Idaho district court imposed willful trespass damages against the defendants in the trebled amount of $51,008.55 and imposed punitive damages of $30,000 against Mr. White.

After the Idaho district court issued its April 1, 2004, decision, North Idaho Title Co.'s insurer issued a $200,000 check to petitioner. Petitioner gave the check to its attorney, Robert Covington (Mr. Covington), who deposited the check into his client trust account on August 17, 2004.

On May 28, 2004, petitioner filed a notice of appeal with the Idaho supreme court. On October 14, 2004, Mr. Covington used $154,049 of the $200,000 he had received from North Idaho Title Co.'s insurer to secure a bond with the Idaho supreme court with respect to petitioner's appeal. On December 30, 2005, the Idaho supreme court remanded the case to the Idaho district court. On October 6, 2006, the Idaho district court issued its decision on remand, once again finding that the defendants, including petitioner, did not have a complete easement to the Blossom Mountain property, that Mr. and Mrs. Akers were entitled to costs and attorney's fees, and that the defendants were liable for

damages.  The defendants appealed the Idaho district court's order on remand, and on June 4, 2008, the Idaho supreme court issued an unpublished opinion remanding the case to the Idaho district court.[8]

On January 11, 2008, respondent issued a notice of deficiency to petitioner with respect to petitioner's 2002 taxable year that reduced petitioner's cost of goods sold by $220,000.  Petitioner timely filed a petition in this Court.[9]

OPINION

I.  Cost of Goods Sold

In a manufacturing, merchandising, or mining business, gross income means the total sales of the business less the cost of goods sold plus any income from investments and from incidental or outside operations or sources.  Sec. 1.61-3(a), Income Tax Regs.  A taxpayer's cost of goods sold is determined in accordance with the method of accounting consistently used by the taxpayer.  Id.  The amount a taxpayer claims as cost of goods

_____

[8]We take judicial notice that on Jan. 22, 2009, the Supreme Court of Idaho withdrew its unpublished opinion issued on Jun. 4, 2008, and issued a new opinion affirming the Idaho district court's judgment that the defendants did not have an implied easement and that the defendants' prescriptive easement is 12.2 feet wide, vacating the Idaho district court's judgment as to the location of the prescriptive easement and the award of damages, attorney's fees and costs, and remanding the case for further proceedings.  Akers v. Mortensen, 205 P.3d 1175, 1185 (Idaho 2009).

[9]On Oct. 6, 2009, we ordered the parties to file posttrial briefs.  Only respondent filed a posttrial brief.

sold is not subject to the limitations on deductions found in sections 162 and 274 but rather is treated as a subtraction from gross sales to arrive at a qualifying business' gross income. See B.C. Cook & Sons, Inc. v. Commissioner, 65 T.C. 422, 428 (1975), affd. 584 F.2d 53 (5th Cir. 1978); see also Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987). A taxpayer must substantiate the amount it reports as cost of goods sold and must maintain adequate records for this purpose. Sec. 6001; Nunn v. Commissioner, T.C. Memo. 2002-250; Wright v. Commissioner, T.C. Memo. 1993-27; sec. 1.6001-1(a), Income Tax Regs.

As a general rule, in all cases in which the production, purchase, or sale of merchandise of any kind (inventory) is an income-producing factor, inventory on hand at the beginning and end of the year shall be taken into account in computing the taxable income for the year. Secs. 1.446-1(a)(4)(i), 1.471-1, Income Tax Regs. If a taxpayer must use an inventory, the taxpayer ordinarily is required to use the accrual method of accounting with regard to purchases and sales unless otherwise authorized. Sec. 1.446-1(c)(2)(i), Income Tax Regs.

Section 471 generally prohibits the use of inventory accounting for property other than merchandise. Homes by Ayres v. Commissioner, 795 F.2d 832, 836 (9th Cir. 1986), affg. T.C. Memo. 1984-475. Property other than merchandise may be inventoried only if the regulations under section 471 expressly

provide for inventory accounting or the Commissioner has consented to the use of inventories for such property. Id. As a general rule, real property is not merchandise for purposes of inventory accounting. See W.C. & A.N. Miller Dev. Co. v. Commissioner, 81 T.C. 619, 630 (1983); Atl. Coast Realty Co. v. Commissioner, 11 B.T.A. 416, 419 (1928).

Petitioner apparently uses an inventory in its business even though it claims to be a cash basis taxpayer. The record does not explain this oddity. Assuming for the sake of argument, however, that merchandise is an income-producing factor in petitioner's business and that petitioner is required to use an inventory, petitioner has failed to prove that the Blossom Mountain property is merchandise properly includable in calculating petitioner's cost of goods sold. Petitioner also failed to prove that the Blossom Mountain property, even if properly classified as merchandise includable in inventory, should not have been included in closing inventory for purposes of calculating petitioner's cost of goods sold. Finally, petitioner failed to prove that any amount in excess of $201,697.34 was the cost associated with acquiring the Blossom Mountain property.[10]

---

[10]Even if the Blossom Mountain property were properly classified as inventory, petitioner would not be entitled to include the cost of the property in its cost of goods sold expense for the taxable year 2002 because it continued to own the
(continued...)

## II. Business Loss

We turn then to the real issue as we see it--whether petitioner is entitled to deduct a loss on its 2002 taxable year return for its cost in acquiring the Blossom Mountain property because the property became worthless in that year. Petitioner acknowledges that its Form 1120 may have been prepared incorrectly with respect to the $220,000 deduction for cost of goods sold but argues that it may nonetheless deduct a loss attributable to the Blossom Mountain property. Although petitioner's argument is not entirely clear, petitioner appears to suggest that the $220,000 it deducted with respect to the Blossom Mountain property qualifies as a business loss under section 165.[11]

Section 165(a) allows a taxpayer to deduct any loss sustained during the taxable year and not compensated for by insurance or otherwise. To be allowable under section 165(a), the loss must be evidenced by a closed and completed transaction, fixed by identifiable events, and actually sustained during the

---

[10](...continued)
property on Sept. 30, 2002, and did not prove that the property was worthless as of that date.

[11]Petitioner stated in its petition: "At the time of our tax preparation, we were unable to use, access, sell, build, or borrow money against this property because of legal litigation. Since this was a useless investment at the time, and we were led to believe that this purchase was a complete loss to our company, we believed that taxes were prepared properly."

taxable year.  Natl. Home Prods., Inc. v. Commissioner, 71 T.C.
501, 521 (1979); sec. 1.165-1(b), Income Tax Regs.  Section
1.165-1(d)(2)(i), Income Tax Regs., provides in part:

> If a casualty or other event occurs which may result in
> a loss and, in the year of such casualty or event,
> there exists a claim for reimbursement * * * no portion
> of the loss * * * is sustained, for purposes of section
> 165, until it can be ascertained with reasonable
> certainty whether or not such reimbursement will be
> received.  Whether a reasonable prospect of recovery
> exists with respect to a claim for reimbursement of a
> loss is a question of fact to be determined upon an
> examination of all facts and circumstances. * * *

A reasonable prospect of recovery exists where the taxpayer has
bona fide claims for recoupment and there is a substantial
possibility that such claims will be decided in the taxpayer's
favor.  Ramsay Scarlett & Co. v. Commissioner, 61 T.C. 795, 811
(1974), affd. 521 F.2d 786 (4th Cir. 1975).

As with most other deductions, a taxpayer ordinarily has the
burden of proving each of the elements of a deductible loss.
Accordingly, the deductibility of petitioner's alleged loss
attributable to its investment in the Blossom Mountain property
depends upon whether at the close of petitioner's 2002 taxable
year, petitioner's alleged loss was evidenced by a closed and
completed transaction, fixed by identifiable events, and actually
sustained during the taxable year.  Moreover, petitioner must
prove that as of September 30, 2002, there was no reasonable
prospect of recovery with respect to its investment in the

Blossom Mountain property.  See <u>Natl. Home Prods., Inc. v. Commissioner</u>, <u>supra</u> at 522.

Petitioner has failed to prove any of these elements. Petitioner's claimed loss with respect to the Blossom Mountain property was not evidenced by a closed and completed transaction, fixed by identifiable events.  On the contrary, at the close of petitioner's 2002 taxable year the Idaho district court had not yet issued its first opinion in Mr. and Mrs. Akers' lawsuit.  The lawsuit remains unresolved to this day.  Mr. White's belief that the lawsuit would be resolved against petitioner, however sincere, does not qualify as either a completed transaction or an identifiable event.  In addition, petitioner failed to show that the claimed loss was actually sustained during petitioner's 2002 taxable year or in any other year.  Mr. White testified that he considered the Blossom Mountain property worthless as of the end of the 2002 taxable year because petitioner did not have any access to the property.  However, petitioner continued to own the property, and there is no credible evidence that petitioner could not acquire access to the property in some other way or that the property had become worthless as of September 30, 2002.

Finally, even if petitioner had established that it sustained a $220,000 loss with respect to the Blossom Mountain property during the taxable year 2002, it still could not deduct the loss because it had a reasonable prospect of recovery as of

the end of the year since it had a claim under its title insurance policy. Indeed, petitioner actually received reimbursement of $200,000 for its loss from North Idaho Title Co.'s insurer after the Idaho district court issued its April 1, 2004, opinion. Accordingly, petitioner has failed to prove that it is entitled to a business loss deduction under section 165(a) with respect to its investment in the Blossom Mountain property.

III. Conclusion

For the foregoing reasons, we hold that petitioner is not entitled to include in its cost of goods sold for the taxable year 2002 the sum of $220,000 or any other amount attributable to its acquisition of the Blossom Mountain property. Alternatively, we hold that petitioner has not met its burden of proving that it is entitled to deduct the $220,000 amount as a business loss under section 165(a).

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.