B. C. COOK & SONS, INC.,
Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 76-1696.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1978.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

Scott P. Crampton, Asst. Atty. Gen., Jonathan S. Cohen, Stephen M. Gelber, Attys., Tax Div., Gilbert E. Andrews, Acting Chief, Appellate Sect., Meade Whitaker, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellant.

Michel G. Emmanuel, Michael D. Annis, Joseph D. Edwards, Tampa, Fla., for petitioner-appellee.

Before JONES, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This is an appeal by the Government from a Tax Court decision in favor of a taxpayer. *B. C. Cook & Sons, Inc.,* 65 T.C. 422 (1975). The Court had previously allowed taxpayer corporation an embezzlement loss deduction for 1965. *B. C. Cook & Sons, Inc.,* 59 T.C. 516 (1972). An embezzlement by an employee had occurred in such a way as to erroneously increase by a portion of the loss the corporation's cost of goods sold for the years 1958 through 1961. Thus the corporation received a double tax benefit. Its gross income, and ultimately its taxable income, was reduced for the 1958–1961 years because of the erroneously increased cost of goods sold item, and its taxable income for 1965 was reduced by the deduction of the same amount as an embezzlement loss.

After the Tax Court approved the 1965 tax benefit by allowing the deduction as an embezzlement loss, and after the statute of limitations had run, the Government asserted a tax deficiency for the 1958–1961 years pursuant to sections 1311 through 1314 of the Internal Revenue Code. Although highly technical, these sections would permit at this time an adjustment of an erroneous "deduction" during the years in question which error occurred under the circumstances of this case. The Tax Court denied the deficiency, holding that Congress used the word "deduction" in § 1312(2) as a term of art meaning only those items subtracted, or "deducted," from gross income in arriving at taxable income, and not those items, such as cost of goods sold, which bear on the calculation of gross income. Thus there was no erroneous deduction to correct, and the time limitation barred correction of the cost of goods sold item. The taxpayer therefore preserved its double benefit.

Because of the inequity in the result of this decision, we have worked hard to construct a convincing reversal of the Tax Court. Try as we may, however, we have decided that we cannot reverse with a principled decision. We, therefore, affirm the Tax Court on the basis of its opinion. 65 T.C. 422 (1975).

AFFIRMED.