T.C. Summary Opinion 2010-49

UNITED STATES TAX COURT

AMANDA GENTRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23501-08S.              Filed April 19, 2010.

Amanda Gentry, pro se.

<u>Michael T. Shelton</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision[1] are whether for 2005: (1) Petitioner is entitled to a deduction for the business use of her home in excess of respondent's allowance; (2) she is entitled to deduct car and truck expenses of $7,009; (3) she is entitled to $37,879 of cost of goods sold (CGS) associated with her manufacturing business; and (4) she is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed her petition, she resided in Illinois.

Petitioner timely filed her 2005 Federal income tax return. For 2005 petitioner operated two separate businesses: A graphic design business and a manufacturing business producing "buddha bags". On Schedule C, Profit or Loss From Business, petitioner reported gross receipts of $103,551 for her graphic design business. She reported several expenses for her graphic design business, including $7,009 of car and truck expenses and $15,737 of expenses for the business use of her home. On a second

---

[1]Petitioner's eligibility for the education credit and the amount of her self-employment tax are computational adjustments to be determined consistent with this opinion.

Schedule C petitioner reported $25,425 of gross receipts and $59,244 of CGS for her manufacturing business.

During 2005 petitioner maintained a home office for her graphic design business and worked as a freelance graphic designer for VSA Partners, Inc. (VSA).

In the notice of deficiency respondent determined a tax deficiency of $15,805, and an accuracy-related penalty of $3,161 under section 6662(a). Respondent disallowed: (1) $1,803 of petitioner's expenses related to the business use of her home; and (2) car and truck expenses of $7,009. Respondent further determined that $37,879 of petitioner's claimed CGS was includable as an inventory cost and that she was subject to the accuracy-related penalty under section 6662(a).

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2] Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[2]Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her liability for tax.

II.  Claimed Business Expense Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, supra; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A.  Business Use of Home

Section 280A(c)(1)(A) permits the deduction of expenses allocable to a portion of the dwelling unit that was used exclusively and regularly as the principal place of business for the taxpayer's trade or business.  Respondent disallowed $1,803 of petitioner's claimed $15,737 deduction for the business use of her home.

Petitioner did not testify as to the expenses or provide documentation to substantiate the disallowed expenses. Accordingly, respondent's determination is sustained.

B.  Car and Truck Expenses

Generally, expenses that a taxpayer incurs in commuting between his home and place of business are personal and nondeductible.  Commissioner v. Flowers, 326 U.S. 465 (1946); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960); secs. 1.162-2(e), 1.262-1(b)(5),

Income Tax Regs.  Expenses incurred, however, in going between two or more places of business may be deductible as ordinary and necessary business expenses under section 162 if incurred for business reasons.  Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. T.C. Memo. 1962-233; Heuer v. Commissioner, supra.  Where a taxpayer attempts to deduct the expenses of transportation between two places of business, one of which is an office in his home, such office must be the taxpayer's principal place of business for the trade or business conducted by the taxpayer at those other work locations.  Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980).

It is uncontested that petitioner's home office was her principal place of business for her graphic design business.  Accordingly, any substantiated driving expenses between her business office in her home and VSA[3] are business expenses.  See Walker v. Commissioner, 101 T.C. 537, 545 (1993); Wicker v. Commissioner, T.C. Memo. 1986-1.

An expense is considered ordinary if commonly or frequently incurred in the trade or business of the taxpayer.  Deputy v. du Pont, 308 U.S. 488, 495-496 (1940).  An expense is necessary if it is appropriate or helpful in carrying on a taxpayer's trade or

---

[3]Petitioner's mileage logs indicate other destinations; however, she did not explain the business purpose of trips to those destinations.

business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943);
Welch v. Helvering, supra at 113.

A taxpayer must maintain records sufficient to substantiate
the amounts of the deductions claimed.  Sec. 1.6001-1(a), Income
Tax Regs.  With respect to certain business expenses subject to
section 274(d), more stringent substantiation requirements apply
than with respect to other ordinary and necessary business
expenses.  Section 274(d) imposes stringent substantiation
requirements for claimed deductions relating to the use of
"listed property", which is defined under section 280F(d)(4)(A)
to include passenger automobiles.  Under this provision, any
deduction claimed with respect to the use of a passenger
automobile will be disallowed unless the taxpayer substantiates
specified elements of the use by adequate records or by
sufficient evidence corroborating the taxpayer's own statement.
See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs.,
50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d),
a taxpayer must maintain some form of records and documentary
evidence that in combination are sufficient to establish each
element of an expenditure or use.  See sec. 1.274-5T(c)(2),
Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A
contemporaneous log is not required, but corroborative evidence
to support a taxpayer's reconstruction of the elements of an

expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

The elements that must be substantiated to deduct expenses for the business use of an automobile are:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner explained that in 2005 she drove frequently from her home office to VSA to drop off files and check in as their freelance graphic designer.  Petitioner substantiated her mileage with a computerized log listing the date, destination, and total mileage of each trip.  The Court is satisfied that petitioner drove to VSA for business purposes and that she presented sufficient evidence to satisfy the strict substantiation requirements pursuant to section 274(d).

Petitioner's trips to VSA in 2005 totaled 1,022 miles. Accordingly, petitioner is entitled to a deduction of $435.19[4] for car and truck expenses for 2005.

## III. Cost of Goods Sold

In calculating gross income, taxpayers may offset gross revenue with cost of goods sold. B.C. Cook & Sons, Inc. v. Commissioner, 65 T.C. 422, 428 (1975), affd. 584 F.2d 53 (5th Cir. 1978). The CGS is computed with reference to the value of a taxpayer's opening and closing inventory for the year. The cost of goods purchased for resale, with an adjustment for the difference between opening and closing inventories for the year, is then deducted from gross sales in computing gross income. Sec. 1.162-1(a), Income Tax Regs.; see sec. 1.61-3, Income Tax Regs. Taxpayers are required to take "inventories at the beginning and end of each taxable year" in which "the production, purchase, or sale of merchandise is an income-producing factor." Sec. 1.471-1, Income Tax Regs.

There is an exception to the inventory accounting requirement for small business owners whose average annual gross

---

[4]The mileage rate for January to August 2005 was 40.5 cents per mile (756 miles driven x .405 mileage rate). See Rev. Proc. 2004-64, sec. 5.01, 2004-2 C.B. 898, 900. The mileage rate from September to December 2005 was 48.5 cents per mile (266 miles driven x .485 mileage rate). See Announcement 2005-71, 2005-2 C.B. 714.

receipts do not exceed $1 million. Rev. Proc. 2001-10, sec. 1, 2001-1 C.B. 272, 272.

If the exception applies, the taxpayer may choose to treat inventory in the same manner as nonincidental materials and supplies under section 162. See sec. 1.162-3, Income Tax Regs. Section 1.162-3, Income Tax Regs., provides:

> Taxpayers carrying materials and supplies on hand should include in expenses the charges for materials and supplies only in the amount that they are actually consumed and used in operation during the taxable year for which the return is made, provided that the costs of such materials and supplies have not been deducted in determining the net income or loss or taxable income for any previous year. * * *

For a taxpayer using the exception under Rev. Proc. 2001-10, supra, nonincidental materials and supplies are considered consumed and used in the year in which the taxpayer sells the merchandise or finished goods. See id. sec. 4.02, 2001-1 C.B. at 273. For a cash method taxpayer, the costs of such inventoriable items are deductible only for the year of sale, or for the year in which the taxpayer actually pays for the inventoriable items, whichever is later. Id.

Any amount claimed as CGS must be substantiated, and taxpayers are required to maintain records sufficient for this purpose. Sec. 6001; Nunn v. Commissioner, T.C. Memo. 2002-250; Wright v. Commissioner, T.C. Memo. 1993-27; sec. 1.6001-1(a), Income Tax Regs.

Notwithstanding whether petitioner qualified for the exception to the inventory accounting requirements under Rev. Proc. 2001-10, <u>supra</u>, she did not comply with the requirements of section 162 for reporting nonincidental materials and supplies. Petitioner believed that because she was excepted from the inventory accounting requirements as a small business owner, she was not required to track her inventory.[5]  Consequently, she presented no evidence of her opening and closing inventories for 2005 or the amount of materials and supplies actually consumed during the year.  Accordingly, the Court must sustain respondent's determination.

IV.  <u>Accuracy-Related Penalty</u>

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a).  In pertinent part, section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to:  (1) Negligence or disregard of rules or regulations; or (2) a substantial understatement of income tax. A "substantial understatement" includes an understatement of

---

[5]Respondent also cites Rev. Proc. 2002-28, 2002-1 C.B. 815, as applicable to petitioner.  Rev. Proc. 2002-28, <u>supra</u>, expands the scope of Rev. Proc. 2001-10, 2001-1 C.B. 272, to additional taxpayers not otherwise qualifying under Rev. Proc. 2001-10, <u>supra</u>.  Both revenue procedures require a qualifying small business to follow the reporting requirements of sec. 162 for reporting nonincidental materials and supplies.  Accordingly, the Court need not discuss petitioner's eligibility under Rev. Proc. 2002-28, <u>supra</u>.

income tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.  The Commissioner bears the burden of production.  Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner had a substantial understatement of income tax for 2005 since the understatement amount exceeded the greater of 10 percent of the tax required to be shown on the return or $5,000.  The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662 is appropriate.

Section 6664(c)(1) provides an exception to the section 6662(a) penalty if it is shown that there was reasonable cause for any portion of the underpayment and the taxpayer acted in good faith.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Id.  Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in view of the taxpayer's experience, knowledge, and education.  Id.

Petitioner believed that as the owner of a qualifying small business under Rev. Proc. 2001-10, <u>supra</u>, she was exempt from the inventory accounting requirements and was allowed to deduct her business expenses as they were paid.

Given the complexity of the rules and exceptions regarding the inventory reporting requirements, the Court finds that petitioner had a reasonable belief that as a small business owner she was exempt from the inventory reporting requirements and was not required to track the amount of materials and supplies actually consumed during the year.  Therefore, the Court finds that petitioner is not subject to the accuracy-related penalty with respect to her exclusion of CGS from inventory costs.

With respect to the disallowed car expense and business use of home deductions, petitioner has failed to present any evidence or argument as to why she should not be subject to the accuracy-related penalty for those claimed deductions.  Accordingly, she will be subject to the accuracy-related penalty for those items.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.